# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERESA A. COWAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:04-0276 |
| v. ) | Judge Nixon / Knowles |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security which found that Plaintiff was not disabled and which denied Plaintiff Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's Motion for Judgment on the Pleadings. Docket Entry No. 7. Defendant has filed a Response, arguing that the decision of the Commissioner was final and should be affirmed. Docket Entry No. 11.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be DENIED, and that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION

Plaintiff filed her application for Disability Insurance Benefits on August 20, 1998, alleging that she had been disabled since April 15, 1996, due to heart problems, back and neck

1

problems, and "uncontrolled" diabetes. *See, e.g.,* Docket Entry No. 5, Attachment ("TR"), pp. 45-48; 50. Plaintiff's application was denied both initially (TR 28-30) and upon reconsideration (TR 39-40). Plaintiff subsequently requested (TR 41) and received (TR 21-25) a hearing. Plaintiff's hearing was conducted on February 4, 2000, by Administrative Law Judge ("ALJ") William F. Taylor. TR 18-20. Plaintiff and Plaintiff's husband, Randy Cowan, appeared and testified. TR 483-518.

On March 27, 2000, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 18-20. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 1996.

2. The claimant was working as [a] day care operator as of December 31, 1996, when her earnings for insured status expired. There was a gross income to the center in November and December 1996 of approximately $2500. She acknowledged that after paying her employees, she retained on the average for herself between $700 to $800 per month.

3. The claimant's work activity involved significant physical or mental activity for pay or profit (20 CFR § 404.1572).

4. The claimant's work activity constitutes substantial gainful activity within the meaning of the regulations (20 CFR § 404.157).

5. The claimant has not been unable to engage in substantial gainful activity for any continuous period of at least 12 months.

6. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this

2

>             decision (20 CFR § 404.1520(b)).

TR 20.

On April 4, 2000, Plaintiff filed a request for review of the hearing decision. TR 14. On January 25, 2002, the Appeals Council issued a letter declining to review the case (TR 6-7), thereby rendering the decision of the ALJ the final decision of the Commissioner.

On March 14, 2002, Plaintiff filed suit in the United States District Court for the Middle District of Tennessee (Civil Action No. 3:02-0260), and, on September 16, 2002, the District Court issued an Order remanding the case. TR 602-603. That Order stated in pertinent part as follows:

> In light of this joint motion to remand to the Administrative Law
> Judge who will evaluate whether the Plaintiff has engaged in
> substantial gainful activity, pursuant to 20 C.F.R. §404.1575(a)
> and SSR R3-34, this Court hereby reverses and remands this case
> to the Commissioner for further action as set forth herein.

TR 602-603.

On November 11, 2002, the Appeals Council issued an Order remanding the case to the ALJ "for further proceedings consistent with the order of the court." TR 611-612. The Appeals Council's Order stated in pertinent part: "The Administrative Law Judge will provide the claimant an opportunity to appear at a hearing, develop the record pursuant to 20 C.F.R. §404.1512- 404.1518 and/or 416.912-416.918, and issue a new decision," because "[t]he record is not clear whether the claimant was a sole proprietor/owner/operator of a day care center and thus, was self-employed, or whether the claimant was an employee of a corporation which paid her wages for her employment services." *Id.* The Appeals Council directed:

> On remand, the Administrative Law Judge will determine whether
> the claimant was a self-employed individual (as a sole-

3

>               proprietor/owner/operator of a business) or an employee of a
>               corporation. The Administrative Law Judge will develop the
>               claimant's work activity and decide whether the claimant has
>               engaged in substantial gainful activity pursuant to 20 CFR
>               404.1574 or 404.1575, whichever is applicable. In determining
>               whether the claimant was a self-employed individual engaged in
>               substantial gainful activity, the Administrative Law Judge will
>               follow the three tests for determining substantial gainful activity in
>               the regulations (20 CFR 404.1575).

TR 612.

On May 22, 2003, without holding a hearing, the ALJ reissued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 541-544. Specifically, the ALJ made the following findings of fact:

> 1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 1996.
>
> 2. The claimant was working as a day care operator as of December 31, 1996, the date she was last insured for benefits. There was a gross income to the center in November and December 1996 of approximately $2500.00. She acknowledged that she retained an average of $700.00 to $800.00 per month after paying her employees, all family members.
>
> 3. The claimant's work activity involves significant physical or mental activity for pay or profit (20 CFR § 404.1572).
>
> 4. The claimant's work activity constitutes substantial gainful activity within the meaning of the regulations (20 CFR § 404.1575).
>
> 5. The claimant has not been unable to engage in substantial gainful activity for any continuous period of at least 12 months.
>
> 6. The claimant was a self-employed individual with significant duties and responsibilities associated with the management and day to day operation of a day care center

4

>                (20 CFR 404.1575).
>
> 7.     The claimant was not under a "disability" as defined in the
>        Social Security Act at any time through the date of this
>        decision (20 CFR § 404.1520(b)).

TR 543-544.

On June 6, 2003, Plaintiff filed a statement of exceptions and a request for review of the Hearing Decision, arguing that the ALJ erred by ignoring the Order of the Appeals Council which instructed the ALJ to "provide the claimant an opportunity to appear at a hearing, develop the record pursuant to 20 C.F.R. §404.1512- 404.1518 and/or 416.912-416.918, and issue a new decision." TR 523-534. On March 20, 2004, the Appeals Council issued a letter declining to review the case (TR 520-522), thereby rendering the decision of the ALJ the final decision of the Commissioner.

This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

On May 21, 2005, Plaintiff died of respiratory failure at the age of 42. Docket Entry No. 13-1. Plaintiff's counsel thereafter submitted a notice that Plaintiff's husband, Randy Cowan, represented Plaintiff's estate as her surviving spouse. *Id.*

## II. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to

5

Case 3:04-cv-00276   Document 17   Filed 04/21/06   Page 5 of 15 PageID #: 14

support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner, however, did not consider the record as a whole, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

## B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition

---

[1] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

7

> that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

8

### C. Plaintiff's Statement Of Errors

The issue before this Court is whether, pursuant to the Order of the Appeals Council, the ALJ was required to provide Plaintiff with an opportunity to appear at a hearing. Docket Entry No. 8. Plaintiff has also made two related arguments: that the ALJ did not wait for Plaintiff to submit her business license before reaching his decision, and that the ALJ violated 20 C.F.R. § 404.948 by deciding the case without holding an oral hearing. Docket Entry Nos. 8; 12. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed and remanded, "with instructions to assign the case to a different ALJ." *Id*. Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

### 1. Response of the ALJ to the Appeals Council's Order

Plaintiff's argues that the ALJ abused his discretion by ignoring the Appeals Council's Order directing the ALJ to "provide the claimant an opportunity to appear at a hearing." Docket

Entry No. 8. Plaintiff argues that the Appeals Council's Order remanding the case places an "affirmative duty" on the ALJ to provide Plaintiff with an opportunity to have a hearing. *Id*.

As an initial matter, the record in the case at bar does not contain any evidence demonstrating that this Court's previous remand Order required a second hearing. TR 602. Rather, the District Court's Order states: "In light of this joint motion to remand to the Administrative Law Judge who will evaluate whether the Plaintiff has engaged in substantial gainful activity, pursuant to 20 C.F.R. § 404.15759(a) and SSR R3-34, this Court hereby reverses and remands this case to the Commissioner for further action." *Id*. Additionally, Plaintiff makes no argument that this Court's previous remand Order required a second hearing.

Thus, the specific issue before this Court is whether the Appeals Council erred in not enforcing its own Order. *See* TR 611. The Order of the Appeals Council states as follows:

> The case will be assigned to an Administrative Law Judge pursuant to the order of the Appeals Council. The Administrative Law Judge will provide the claimant an opportunity to appear at a hearing, develop the record pursuant to 20 C.F.R. §§ 404.1512-404.1518 and/or 416.912-416.918, and issue a new decision.
>
> The Administrative Law Judge denied this claim at step one finding that the claimant had engaged in substantial gainful activity. The record is not clear whether the claimant was a sole proprietor/owner/operator of a day care center and thus, was self-employed, or whether the claimant was an employee of a corporation which paid her wages for her employment services. The Administrative Law Judge treated the claimant as having wages.
>
> On remand, the Administrative Law Judge will determine whether the claimant was a self-employed individual (as a sole-proprietor/owner/operator of a business) or an employee of a corporation. The Administrative Law Judge will develop the claimant's work activity and decide whether the claimant has engaged in substantial gainful activity pursuant to 20 CFR 404.1574 or 404.1575, whichever is applicable. In determining

10

> whether the claimant was a self-employed individual engaged in substantial gainful activity, the Administrative Law Judge will follow the three tests for determining substantial gainful activity in the regulations (20 CFR 404.1575).

TR 611-612.

On November 26, 2002, the Social Security Administration acknowledged Plaintiff's request for a second hearing. TR 613-618. On January 29, 2003, the ALJ wrote a letter to Plaintiff requesting the additional information needed to develop the record. TR 619. Plaintiff submitted this information on February 24, 2003, and the ALJ issued a decision on May 22, 2003. TR 542-544; 620. In his decision, the ALJ explained: "A second hearing is not necessary as the factual record was fully developed at the first hearing." TR 541.

Plaintiff disagreed with the ALJ's decision and filed exceptions pursuant to 20 C.F.R. § 404.984(b). TR 523-534. After reviewing the record and Plaintiff's filed exceptions, the Appeals Council explained that, since the ALJ, in his new decision, found that Plaintiff was self-employed by relying on the evidence that he had already gathered in the prior hearing, new evidence showing that Plaintiff was self-employed was not necessary to develop the record. TR 520. The Appeals Council concluded, therefore, that, "the exceptions do not provide a basis for disturbing the Administrative Law Judge's decision." *Id*. When the Appeals Council refused to again review the ALJ's post-remand decision, it thereby inherently accepted the ALJ's decision as compliant with the mandates of its own prior Order, and the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.984(a).

Plaintiff primarily argues that the ALJ "blatantly disregarded the instructions of the Appeals Council" in issuing a decision without holding a second hearing. Docket Entry No. 8. As support for her argument, Plaintiff cites 20 C.F.R. § 404.977, which states in pertinent part:

11

"The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeal's Council's remand order." Plaintiff contends that, in light of 20 C.F.R. § 404.977, the ALJ has no "discretion in the matter," but must provide an opportunity for a second hearing. Docket Entry No. 8.

In the case at bar, the stated purpose of the hearing was to "develop the record" in order to determine "whether Plaintiff was a self-employed individual engaged in substantial gainful activity." *See* TR 611-612. After requesting, and receiving, the supplemental information that he felt was necessary to fully develop the record, the ALJ determined that the record was fully developed, and based his decision on that record. *See* TR 538-544. Although the ALJ did not present Plaintiff with the opportunity to appear at a hearing, the ALJ did present Plaintiff with the opportunity to submit supplemental information and to develop the record. *See* TR 541; 611-612; 619. The ALJ solicited and received evidence from Plaintiff that directly addressed the primary issue on remand. *Id.* The Appeals Council had the opportunity on review to find that the ALJ had ignored its Order. 20 C.F.R. § 404.984. Upon review of the ALJ's decision, his rationale, and Plaintiff's exceptions, however, the Appeals Council concluded: "As noted by the Administrative Law Judge at page one of the decision, because this record is fully developed an additional hearing is not necessary." *See* TR 520.

Moreover, Plaintiff makes no showing as to what evidence she could have presented in a second hearing that she was not able to present in the supplemental information she submitted to the ALJ. As Plaintiff notes, the Appeals Council and this Court, in its Order of remand, were concerned with whether Plaintiff had participated in substantial gainful activity. Plaintiff argues that, when the ALJ issued his decision, she was "working with counsel to try to document what

12

work had been performed, and whether that work rose to the level of substantial gainful activity." Docket Entry No. 7, p. 4. The fact of the matter, however, is that the ALJ specifically found that Plaintiff *was* engaged in substantial gainful activity. Thus, the ALJ determined this issue in Plaintiff's favor, without the need for a hearing. Any error that may have been committed in not affording Plaintiff a hearing was harmless.

## 2. Submission of Plaintiff's Business License

Plaintiff also contends that the ALJ did not wait for the submission of Plaintiff's business license in reaching his decision. Docket Entry No. 8. The ALJ wrote to Plaintiff on January 29, 2003. TR 619. In his letter, he stated that

> The Order requires me to further develop the issue of SGA (employment). The Appeals Council seems to indicate that the day care center owned and operated by Teresa Cowan is or was a corporation. Consequently, please file with me immediately the corporate charter and all minutes of corporate meetings. If the day care center was not a corporation, please advise me as soon as possible.

TR 619.

Plaintiff replied to the ALJ in a letter dated February 24, 2003, that, "Mrs. Cowan's daycare business was not a corporation. A copy of her business license has been requested and will be forwarded to you as soon as it is received." TR 620. The ALJ issued his decision on May 20, 2003, nearly three months after Plaintiff's letter. There is no indication in the record whether the ALJ received a copy of Plaintiff's business license prior to issuing his decision. The ALJ, in his May 20, 2003 decision, found that Plaintiff's daycare was not a corporation, but rather, that Plaintiff was "a self-employed sole proprietor of a day care center." TR 542. The ALJ's determination was, therefore, consistent with Plaintiff's own assertions, and the inclusion

13

of Plaintiff's business license demonstrating that she was a sole proprietor would be superfluous.

Additionally, Plaintiff makes no argument that the ALJ's decision that she was "a self-employed sole proprietor of a daycare center" was incorrect.

### 3.  20 C.F.R. § 404.948

Plaintiff also argues that, "even if the Appeals Council did not specifically mandate a new hearing, the ALJ still would not have the authority to issue a denial without an administrative hearing."  Docket Entry Nos. 8; 12.  As support for her argument, Plaintiff cites 20 C.F.R. § 404.948, which states that the ALJ may issue a decision without a hearing when, "1) the decision is fully favorable, 2) the claimant does not wish to appear at a hearing, or 3) the ALJ remands the decision to a lower level 'if there is reason to believe that the revised determination would be favorable to the claimant.'"  Docket Entry Nos. 8; 12, *citing* 20 C.F.R. § 404.948(a)-(c)).

Section 404.948(a) affirms that, "you have the right to an oral hearing and that you have a right to examine the evidence on which the decision is based."  In the case at bar, however, Plaintiff had already appeared and testified at a hearing on February 4, 2000.  TR 18-20; 483-518.  Section 404.948 does not give a plaintiff a right to a second hearing, but rather affords a plaintiff the right to have a hearing.  Plaintiff received a hearing, at which she, along with her husband, appeared and testified.  TR 483-519.  Accordingly, Plaintiff received the process required by the regulations; Plaintiff's argument that an ALJ may not make an unfavorable decision without a second hearing fails.

### IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

                                                     E. CLIFTON KNOWLES
                                                     United States Magistrate Judge